| DISTRICT COURT OF THE VIRGIN ISLANDS |
|:---:|
| DIVISION OF ST. CROIX |

JOHN THEOBLES,

           Plaintiff,

  v.

INDUSTRIAL MAINTENANCE
COMPANY (IMC), HOVIC and
HOVENSA, L.L.C.,

           Defendants.

2002-CV-0143

TO:    K. Glenda Cameron, Esq.
        George H. Logan, Esq.
        Linda J. Blair, Esq.

### ORDER DENYING PLAINTIFF'S MOTION FOR CORRECTION OF COURT'S ORDER DATED MARCH 19, 2007

THIS MATTER came before the Court upon Plaintiff's Motion For Correction of Court's Order Dated March 19, 2007 (Docket No. 230), denying Plaintiff John Theobles' request to propound in excess of 25 interrogatories. Defendant HOVENSA L.L.C. (HOVENSA) filed an opposition, and Plaintiff filed a reply thereto.

Plaintiff requests that this Court correct its March 19, 2007, Order (Docket No. 226) "with regards to the overlooked interrogatories." Motion at 2. Plaintiff suggests that "the Magistrate cannot rule *sub silentio*" on Interrogatory Nos. 10, 13, and 17. Reply at 2. In

*Theobles v. IMC*
2002-CV-0143
Order Denying Plaintiff's Motion for Correction
Page 2

essence, Plaintiff requests written language on Interrogatory Nos. 10, 13, and 17. Additionally, "Plaintiff requests leave of Court to exceed the number of interrogatories" allowed in accordance with Fed. R. Civ. P. 33(a). Motion at 2. Specifically, Rule 33(a) "grants this Court discretion to allow discovery exceeding 25 in number." *Id*. Plaintiff further states that "the frequency or extent of discovery may only be limited if the court determines that the discovery sought is unreasonably cumulative or duplicative, or the burden or expense outweighs the likely benefit." *Id*. And, "Plaintiff submits that the additional answers to the interrogatories and demand for production . . . are necessary for him to meet his burden of proof." *Id*. at 2-3. Finally, Plaintiff suggests that "the [d]iscovery Plaintiff seeks is relevant . . . ." *Id.* at 3.

Defendant HOVENSA opposes Plaintiff's motion on the grounds that said motion is actually "an untimely motion for reconsideration[]" disguised as a motion to correct a clerical error. Opposition at 1. Defendant states "[a]ny motion for reconsideration should have been filed within ten days of the entry of the March 19, 2007[,] order pursuant to LRCi 7.4." *Id*. Furthermore, "Plaintiff has failed to show that there was an intervening change of controlling law, new evidence or that there is a need to correct clear error or prevent manifest injustice." *Id*. Defendant also asserts that "the Court did not 'overlook' Interrogatories Nos. 10, 13, & 17[,] but rather found that they did not need to be

supplemented." *Id*. Defendant also urges this Court to deny Plaintiff's request to exceed the number of allowable interrogatories. *See id*. Finally, Defendant urges this Court to reject Plaintiff's "need to propound excess discovery to HOVENSA to address HOVIC's pending motion . . . ." *Id.* at 3.

**DISCUSSION**

Plaintiff cites no authority in his request to correct the "overlooked interrogatories." Furthermore, per LRCi 7.4, the undersigned may not consider any motion for reconsideration filed later than ten days of entry of the March 19, 2007, order. Accordingly, the undersigned must infer that Plaintiff brings this motion pursuant to Fed. R. Civ. P. 60(a). Said rule states "mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." Fed. R. Civ. P. 60(a). After reviewing Plaintiff's and Defendant's briefs and the undersigned's Order dated March 19, 2007, the undersigned finds that a clerical omission of the interrogatories in question did not occur. Accordingly, answers to Interrogatory Nos. 10, 13, and 17 are sufficient, and Defendant need not provide additional responses to said interrogatories. Additionally, Plaintiff's request to propound in excess of 25 interrogatories is denied.

*Theobles v. IMC*
2002-CV-0143
Order Denying Plaintiff's Motion for Correction
Page 4

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Correction of Court's Order Dated March 19, 2007 (Docket No. 230), denying Plaintiff John Theobles' request to propound in excess of 25 interrogatories is **DENIED**.

2. The Court's Order Dated March 19, 2007 (Docket No. 226), denying Plaintiff John Theobles' request to propound in excess of 25 interrogatories is **AFFIRMED**.

ENTER:

Dated: July 18, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE